FILED
7/31/2015 1:36:28 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Consuelo Gomez

ACCEPTED
04-15-00481-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/3/2015 10:30:14 AM
KEITH HOTTLE
CLERK

CAUSE NO. 2013-CI-14392

| | | |
|---|---|---|
| ROLANDO CUMPIAN,<br>　　Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT OF<br>4th COURT OF APPEALS<br>SAN ANTONIO, TEXAS |
| v. | §<br>§<br>§ | 285TH JUDICIAL DISTRICT<br>(Transferred to the 45th) |
| JOERIS GENERAL CONTRACTORS,<br>LTD.<br>　　Defendant | §<br>§<br>§<br>§ | BEXAR COUNTY, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
8/3/2015 10:30:14 AM
KEITH E. HOTTLE
Clerk

## NOTICE OF APPEAL

Defendant, Joeris General Contractors, Ltd., files this Notice of Appeal from the Final Judgment and would show as follows:

1. Defendant, Joeris General Contractors, Ltd., desires to appeal from the Final Judgment entered in *Rolando Cumpian v. Joeris General Contractors, Ltd.*, No. 2013-CI-14392, and signed by the Honorable Stephani Walsh of the 45th Judicial District Court, Bexar County, Texas, on May 11, 2015.

2. Defendant, Joeris General Contractors, Ltd. appeals to the Fourth District Court of Appeals, sitting in San Antonio, Texas.

3. Joeris General Contractors, Ltd., files this notice to state its desire and intent to appeal from the Final Judgment signed on May 11, 2015, a copy of which is attached hereto as Exhibit 1, and all other orders, rulings, findings, and conclusions of the Court adverse to Joeris General Contractors, Ltd.—whether during trial, pre-trial, or post-trial—including but not limited to the Court's orders denying Joeris General Contractors, Ltd.'s Motion for Instructed Verdict, Motion

for Judgment Notwithstanding the Verdict, Supplemental Motion for Judgment Notwithstanding the Verdict and to Set Aside Certain Jury Findings, and Motion for New Trial.

4.     Defendant, Joeris General Contractors, Ltd., timely filed a Motion for New Trial on June 10, 2015.  This Notice of Appeal is timely because it is filed within ninety (90) days of the date of judgment.  *See* Tex. R. App. P. 26.1(a)(1); *see also* Tex. R. App. P. 4.1(a).

5.     A copy of this Notice of Appeal will be filed in the Fourth Court of Appeals with the docketing statement and served on all parties to the Court's Final Judgment.  *See* Tex. R. App. P. 25.1(e); 32.1.

Dated: July 31, 2015.

Respectfully submitted,

By:     ___*/s/ David Gaultney*____
DAVID GAULTNEY
**MEHAFFYWEBER, P.C.**
823 Congress Avenue, Suite 200
Austin, Texas 78701
Telephone: (512) 394-3840
Facsimile: (512) 394-3860
State Bar No. 07765300
davidgaultney@mehaffyweber.com

and

MARCELLA A. DELLA CASA
State Bar No. 24009862
Email: mdellacasa@burlesonllp.com
REBECCA C. BERGERON
State Bar No. 24075353
Email: rbergeron@burlesonllp.com
**BURLESON LLP**
Weston Centre
112 East Pecan Street, Suite 700
San Antonio, Texas 78205
Telephone: (210) 870-2620
Facsimile:   (210) 870-2626

ATTORNEYS FOR DEFENDANT,
JOERIS GENERAL
CONTRACTORS, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served via electronic transmission on the 31st day of July, 2015, on the following counsel of record:

Mr. R. Scott Westlund
Mr. Jay Moore
Mr. Brian C. Steward
Mr. Ryan A. Todd
**KETTERMAN, ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas 78232

Mr. Thad D. Spalding
**KELLY, DURHAM & PITTARD, L.L.P.**
P.O. Box 224626
Dallas, Texas 75222
*Attorneys for Plaintiff*

       ___/s/ Rebecca C. Bergeron____
       REBECCA C. BERGERON

4825-6333-5974, v.  1

3


EXHIBIT
1

CAUSE NO. 2013-CI-14392

| ROLANDO CUMPIAN, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| JOERIS GENERAL CONTRACTORS, | § | |
| LTD., | § | |
| Defendant | § | BEXAR COUNTY, TEXAS |

## FINAL JUDGMENT

On March 16, 2015, this case was called for trial. Plaintiff, Rolando Cumpian, appeared in person and through his counsel and announced ready for trial. Defendant, Joeris General Contractors, Ltd., appeared in person and through its counsel and announced ready for trial. Having been previously demanded, a jury consisting of twelve qualified jurors was duly empaneled and the case proceeded to trial.

At the conclusion of the evidence, the Court submitted the case to the jury. On March 24, 2015, the jury returned its verdict, including unanimous findings of ordinary negligence and gross negligence as to Defendant Joeris General Contractors, Ltd. The questions submitted to the jury and the jury's findings are attached as **Exhibit A** and expressly incorporated herein by reference.

In light of those unanimous findings, and at Defendant Joeris General Contractors, Ltd.'s request, the bifurcated phase of trial concerning punitive damages began on March 26, 2015. That same day, the jury returned a unanimous verdict awarding $5,000,000 in punitive damages against Defendant Joeris General Contractors, Ltd. The question submitted to the jury and the jury's finding in the bifurcated phase of the trial are attached as **Exhibit B** and expressly incorporated herein by reference. Based on the jury's March 24, 2015 and March 26, 2015 verdicts, this Court enters the following judgment:

It is ORDERED that Plaintiff Rolando Cumpian have and recover from Defendant Joeris General Contractors, Ltd. actual damages in the amount of **$1,552,000.00.**

It is further ORDERED that the $5,000,000 in punitive damages awarded to Plaintiff Rolando Cumpian and against Defendant Joeris General Contractors, Ltd. be reduced pursuant to Texas Civil Practice and Remedies Code section 41.008(b). Accordingly, it is ORDERED that Plaintiff Rolando Cumpian have and recover from Defendant Joeris General Contractors, Ltd. punitive damages in the amount of **$1,794,000.00.**

It is further ORDERED that Plaintiff Rolando Cumpian have and recover from Defendant Joeris General Contractors, Ltd. prejudgment interest on the sum of past damages of $715,000.00 at the rate of five percent (5%) annually, with accrual starting from the day suit was filed on August 19, 2013. Through May 11, 2015, the total pre-judgment interest is **$61,706.75.**

It is further ORDERED that Plaintiff Rolando Cumpian have and recover from Defendant Joeris General Contractors, Ltd. taxable court costs spent or incurred by or on behalf of Plaintiff Rolando Cumpian in this case in the amount of **$10,514.58.**

It is further ORDERED that the total amount of the judgment here rendered will bear interest at the rate of five percent (5%), compounded annually, from the date this judgment is signed until it is paid in full.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. This judgment is final, disposes of all claims between all parties and is appealable.

SIGNED on __11 May__, 2015.

THE HONORABLE STEPHANI WALSH

# EXHIBIT A

to CAOSC No. 2013-CI-14392

ORIGINAL

CAUSE NO. 2013-CI-14392

| | | |
|---|---|---|
| ROLANDO CUMPIAN | § | IN THE DISTRICT COURT |
| V. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| JOERIS GENERAL | § | |
| CONTRACTORS, LTD. | § | BEXAR COUNTY, TEXAS |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not

Page 1

evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

   The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a

preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers you will have.

8. Do not answer questions by drawing straws or by any methods of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## DEFINITIONS

"**Negligence**" when used with respect to the conduct of *Joeris General Contractors, Ltd.*, means failure to use ordinary care, that is, failing to do that which a general contractor of ordinary prudence would have done under the same or similar circumstances or doing that which a general contractor of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**" when used with respect to the conduct of *Joeris General Contractors, Ltd.*, means that degree of care that would be used by a general contractor of ordinary prudence under the same or similar circumstances.

"**Negligence**" when used with respect to the conduct of *Leal Welding & Erection, Inc.*, means failure to use ordinary care, that is, failing to do that which a subcontractor of ordinary prudence would have done under the same or similar circumstances or doing that which a subcontractor of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**" when used with respect to the conduct of *Leal Welding & Erection, Inc.*, means that degree of care that would be used by a subcontractor of ordinary prudence under the same or similar circumstances.

"**Negligence**" when used with respect to the conduct of *Rolando Cumpian*, means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**" when used with respect to the conduct of *Rolando Cumpian*, means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"**Proximate cause**" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a general contractor, subcontractor or person using *ordinary care* would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

## QUESTION NO. 1:

Did *Joeris General Contractors, Ltd.* exercise or retain some control over the manner in which the steel erection work including the installation of the staircase was performed, other than the right to order the work to start or stop or to inspect progress or receive reports?

Answer "Yes" or "No":

Answer: _Yes_

## QUESTION NO. 2:

Did the negligence, if any, of those named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

A.     Joeris General Contractors, Ltd.     Yes

B.     Leal Welding & Erection, Inc.     Yes

C.     Rolando Cumpian     No

If you answered "Yes" to Question No. 2 for more than one of those named below, then answer the following question. Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence. The percentages you find must total 100 percent (100%). The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

## QUESTION NO. 3:

For each of the named below you found caused or contributed to cause the occurrence, find the percentage of negligence attributable to each:

| | | | |
|---|---|---|---|
| A. | Joeris General Contractors, Ltd. | 80 | % |
| B. | Leal Welding & Erection, Inc. | 20 | % |
| C. | Rolando Cumpian | 0 | % |
| | **TOTAL** | **100%** | |

Answer Question No. 4 if you answered "Yes" to Question No. 2 for either *Joeris General Contractors, Ltd.* or *Leal Welding & Erection, Inc.* and answered:

1.  "No" for *Rolando Cumpian* to Question No. 2, or

2.  *50 percent* or less for *Rolando Cumpian* to Question No. 3.

Otherwise, do not answer the following question.

## QUESTION NO. 4:

What sum of money, if paid now in cash, would fairly and reasonably compensate *Rolando Cumpian* for his injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element; that is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of *Rolando Cumpian*. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

A.  Physical pain and suffering sustained in the past.

Answer: ___235,000___

B.  Physical pain and suffering that, in reasonable probability, *Rolando Cumpian* will sustain in the future.

Answer: ___200,000___

C.  Mental anguish sustained in the past.

Answer: ___200,000___

D.  Mental anguish that, in reasonable probability, *Rolando Cumpian* will sustain in the future.

Answer: ___80,000___

E.  Medical care expenses incurred in the past.

Answer: ___80,000___

F.  Medical care expenses that, in reasonable probability, *Rolando Cumpian* will incur in the future.

Answer: ___227,000___

G.  Physical impairment sustained in the past.

Answer: ___100,000___

H.  Physical impairment that, in reasonable probability, *Rolando Cumpian* will sustain in the future.

Answer: ___100,000___

I.  Disfigurement sustained in the past.

Answer: ___75,000___

J.  Disfigurement that, in reasonable probability, *Rolando Cumpian* will sustain in the future.

Answer: ___50,000___

K.  Loss of earning capacity sustained in the past.

Answer: ___35,000___

L.  Loss of earning capacity that, in reasonable probability, *Rolando Cumpian* will sustain in the future.

Answer: ___180,000___

Answer the following question regarding *Joeris General Contractors, Ltd.* only if you unanimously answered "Yes" to Question No. 2 regarding *Joeris General Contractors, Ltd.* Otherwise, do not answer the following question regarding *Joeris General Contractors, Ltd.*

To answer "Yes" to the following question, your answer must be unanimous. To answer "No" to the following question requires a vote of ten or more jurors. Otherwise, you must not answer the following question.

## QUESTION NO. 5:

Do you find by *clear and convincing evidence* that the harm to *Rolando Cumpian* resulted from *gross negligence*?

**"Clear and convincing evidence"** means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

**"Gross negligence"** means an act or omission of *Joeris General Contractors, Ltd.*,

1. which when viewed objectively from the standpoint of *Joeris General Contractors, Ltd.* at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. of which *Joeris General Contractors, Ltd.* had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

Answer "Yes" or "No":

Answer: Yes

**Presiding Juror:**

1.  When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.  The presiding juror has these duties:

    a.  have the complete charge read aloud if it will be helpful to your deliberations;

    b.  preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

    c.  give written questions or comments to the bailiff who will give them to the judge;

    d.  write down the answers you agree on;

    e.  get the signatures for the verdict certificate; and

    f.  notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1.  Unless otherwise instructed, you may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.  If ten jurors agree on every answer, those ten jurors sign the verdict.

    If eleven jurors agree on every answer, those eleven jurors sign the verdict.

    If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_____
JUDGE PRESIDING

## Verdict Certificate

Check one:

_____ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

_____          _____
Signature of the Presiding Juror                 Printed Name of the Presiding Juror

X Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

_____ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

| Signatures | Printed Names |
|---|---|
| 1. Deedra Johnson | Deedra Johnson |
| 2. Gabriel Urteaga | Gabriel Urteaga |
| 3. | Hector L. Mendoza |
| 4. Sandra Boone | Sandra Boone |
| 5. Katherine Martinez | Katherine Martinez |
| 6. | Brian Pryor |
| 7. Alfreda Berry | Alfreda Berry |
| 8. Joy Crawford | Joy Crawford |
| 9. Melinda Ugartechea | Melinda Ugartechea |
| 10. | George P. De Leon |
| 11. John Samples | John H. Samples |

If you have answered "Yes" to Question No. 5, then you must sign this certificate also.

**Additional Certificate**

I certify that the jury was unanimous in answering Question No. 2 and Question No. 5. All twelve of us agreed to each of the answers. The presiding juror has signed the certificate for all twelve of us.

_Deedra Johnson_
Signature of the Presiding Juror

_Deedra Johnson_
Printed Name of the Presiding Juror

# EXHIBIT B

to Cause No. 2013-CI-14392

ORIGINAL

CAUSE NO. 2013-CI-14392

| ROLANDO CUMPIAN | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 285TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| JOERIS GENERAL | § | |
| CONTRACTORS, LTD. | § | BEXAR COUNTY, TEXAS |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not

Page 1

DOCUMENT SCANNED AS FILED

evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

   The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a

DOCUMENT SCANNED AS FILED

preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers you will have.

8. Do not answer questions by drawing straws or by any methods of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. You are instructed that, in order for you to find exemplary damages, your answer to the question regarding the amount of such damages must be unanimous.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

In discharging your responsibility on this jury, you will observe all the instructions that have been previously given you.

DOCUMENT SCANNED AS FILED

## QUESTION NO. 6:

You are instructed that you must unanimously agree on the amount of any award of exemplary damages.

What sum of money, if any, should be assessed against *Joeris General Contractors, Ltd.* and awarded to *Rolando Cumpian* as *exemplary damages* for the conduct found in response to Question No. 5?

**"Exemplary damages"** means any damages awarded as a penalty or by way of punishment but not for compensatory purposes. Exemplary damages includes punitive damages.

Factors to consider in awarding exemplary damages, if any, are—

      1.    The nature of the wrong.

      2.    The character of the conduct involved.

      3.    The degree of culpability of the wrongdoer.

      4.    The situation and sensibilities of the parties concerned.

      5.    The extent to which such conduct offends a public sense of justice and propriety.

      6.    The net worth of *Joeris General Contractors, Ltd.*

Answer in dollars and cents, if any.

Answer: _5 Million Dollars_

DOCUMENT SCANNED AS FILED

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

   a. have the complete charge read aloud if it will be helpful to your deliberations;

   b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

   c. give written questions or comments to the bailiff who will give them to the judge;

   d. write down the answers you agree on;

   e. get the signatures for the verdict certificate; and

   f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

*Stephanie A Walsh*
JUDGE PRESIDING

DOCUMENT SCANNED AS FILED

## Certificate

I certify that the jury was unanimous in answering Question No. 6. All twelve of us agreed to the answer. The presiding juror has signed the certificate for all twelve of us.

_Deedra Johnson_
Signature of the Presiding Juror

_Deedra Johnson_
Printed Name of the Presiding Juror

DOCUMENT SCANNED AS FILED